COLLINS v. LOWE et al. (No. 431.)

Court of Civil Appeals of Texas. Eastland. April 20, 1928.

1. Judgment ⚖⚖18(2)—Insufficient petition does not support judgment for defendant, but requires dismissal.

If plaintiff's petition is insufficient, judgment of dismissal should be entered in case plaintiff elects not to amend, but judgment for defendant is unwarranted.

2. Trespass to try title ⚖⚖32—Description in petition by metes and bounds of lands in city addition held sufficient in view of plat and uncontradicted testimony of plaintiff seeking title under limitation statute.

In suit to recover title and possession based on claim of limitation under 10-year statute, description in petition of lands in city addition by metes and bounds held sufficient, in view of plat and uncontradicted oral testimony relative to the description.

Appeal from District Court, Jones County; W. R. Chapman, Judge.

Suit by H. S. Collins against B. F. Lowe and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

A. J. Smith, of Anson, for appellant.
E. D. McKenzie, of Anson, for appellees.

HICKMAN, C. J. Appellant sued a large number of persons for title and possession of a tract of land in Jones county, alleged to contain 75 acres of land, more or less. Personal service was had upon a few of the defendants, but most of them were cited by publication, an attorney ad litem being appointed by the court to represent the absent defendants cited by publication. The case was tried before the court without the aid of a jury, and judgment was rendered for the defendants. In response to a request by appellant's attorney, the learned trial judge filed his conclusions of fact and law, as follows:

"From the testimony adduced upon the trial of the above styled and numbered cause, I adduce the following findings of fact: That the description of the lands involved in this suit, both as contained in the pleadings and as adduced upon the witness stand, is vague, indefinite and uncertain, and is insufficient to identify the land on the ground. From the foregoing findings of fact, I conclude as a matter of law that judgment should be rendered against the plaintiff and in favor of the defendants. W. R. Chapman, Judge of the 104th Judicial District of Texas."

[1] We think the conclusion of law is not authorized by the findings of fact. If the pleadings were insufficient as a basis for a judgment in favor of appellant, they were likewise insufficient as the basis of a judgment for appellees. The proper judgment to enter in a case where the plaintiff's petition is insufficient is one of dismissal in case plaintiff elects not to amend.

[2] But we are of the opinion that in this case the description of the land as contained in the petition is sufficient to support a judgment in his favor. It is there described as follows:

"Plaintiff represents to the court that on or about the 1st day of January, 1916, he was lawfully seized and possessed of the following

---

⚖⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

described lands and premises situated in Jones county, Texas, holding and claiming the same in fee simple, to wit: Being a part of section No. 14, block No. 1 of the Texas & New Orleans Railway Company lands located in Jones county, Tex., and being out of the south and east part of a 240-acre tract off of the east end of the east half of said section No. 14 which 240 acres above mentioned is known as the Anson City addition and the part hereby described being shown by metes and bounds as follows: Beginning at a point in the S. B. line of said Anson City addition 110 feet north, 98½ degrees, west from the W. B. line of Commercial avenue, which point is in the center of the Tuxedo and Anson road, north 41½ degrees, west 1077 feet, north 34 feet, west 456 feet, north 28½ degrees, west 320 feet to a point in the said Anson Tuxedo road directly east of the slaughter pens the same following the E. B. line of a 401/5 acre tract of land owned by J. H. Saffle, Thence north through the center of block 34 of said Anson City addition a distance of 300 feet; thence continuing north across what is known as Texas street in said Anson City addition a distance of 60 feet to the S. B. line of block 31 of said Anson City addition for the northwest corner of this tract; thence east along the N. B. line of said Texas street a distance of 2510 feet to the northeast corner of the said Texas street at a point in the E. B. line of said Anson City addition for the northeast corner of this tract; thence south along the E. B. line of said Anson City addition a distance of 1,800 feet to the S. B. line of said section No. 14 for the southeast corner of this tract; thence west along the S. B. line of said section No. 14, 1390 feet to the place of beginning, containing 75 acres of land, more or less."

We think this description sufficient to support a judgment based upon the claim of limitation under the ten years' statute.

The evidence offered upon the trial of the case consisted of a plat to the south one-half of the Anson City addition, section 14, block 1, Texas & New Orleans Railway Company. It is stated at the foot of the copy introduced in evidence that the original plat is recorded in volume 14, p. 123, Jones County, Tex. This plat shows the lots and blocks of a portion of the Anson City addition, and contains a diagram of appellant's land, showing that it is bounded on the west by the Tuxedo road, on the north by the lands of Culver & Wheeler, on the east by the Charley

5 S.W.(2d)—55½

Hamilton road, and on the south by the Anson-Hamlin Road. The oral testimony on the subject of description, given by the appellant, is as follows:

"My name is H. S. Collins; I live a half mile north of town; I live in what is called the Anson City addition, I think. I have lived at the place where I am now living a little over ten years; the ten years was up last Christmas. At the time I moved on there I got an instrument to the place from Mr. Thompson; I think I have got it at home; I have made a search for it; I looked for it a few days ago and didn't find it; I never filed it for record. At the time I moved up there and got an instrument of some kind from Mr. Thompson, there was about 70 or 75 acres of land claimed by Mr. Thompson. The west line of that land and Saffle's east line is the same, Saffle's joins me on the west, I don't know exactly how far from the southwest corner of my land, a very short distance. It begins at the edge of the big road; it commences at the edge of the street; that is called the Anson and Hamlin road; I know it as the Hamlin and Anson road; the Tuxedo road runs straight on. Wheeler and Culver joins me on the north; I run in a northwesterly direction up that Tuxedo road as far as the north line of Saffle's land, it just runs to the east line of Saffle's land. After you get to the northwest corner of my land my line runs due east. Wheeler and Culver is on the north of me. My line then runs east to the next section line, it runs across to the Charley Hamilton place; it runs into the big road running north and south on the west side of Charley Hamilton's land; it then runs back south; it comes to the big road; it follows the big road back west to the place of beginning."

No evidence was offered by any of the appellees, and no objections appear in the record to the evidence offered by appellant. By reference to the plat offered in evidence, without objection, it is our opinion that the evidence, though not wholly satisfactory, is sufficient to authorize a judgment in favor of appellant, in so far as it concerns the sufficiency of the description.

The pleadings and evidence appear to be sufficient to allege and sustain the other elements of title by ten years' possession. We therefore conclude that the judgment of the trial court should be reversed, and that judgment should be here rendered in favor of appellant; and it is so ordered.